IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| VINCENT JOHN BAZEMORE, JR. | § | |
| --- | --- | --- |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-10-CV-1505-M |
| | § | |
| ALAN BUIE, ET AL. | § | |
| | § | |
| Defendants. | § | |

**FINDINGS AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings and recommendation of the magistrate judge are as follow:

I.

This is a *pro se* civil rights action brought by Vincent John Bazemore, Jr., a federal prisoner, against two federal prosecutors. On August 2, 2010, plaintiff tendered a complaint to the district clerk. Although plaintiff did not pay the statutory filing fee or seek leave to proceed *in forma pauperis*, a pauper's affidavit filed by plaintiff in another lawsuit indicates that he lacks the funds necessary to prosecute this case.[1] The court therefore granted leave to proceed *in forma pauperis* and allowed the complaint to be filed. After screening plaintiff's complaint, the court determines that

---

[1] An application to proceed *in forma pauperis* filed by plaintiff in *Bazemore v. Abbott*, No. 3-10-CV-1444-G, shows that he owns no property, earns less than $6.00 per month from a job at the prison, and has $140.12 on deposit in his inmate trust account.

-1-

this action is barred by res judicata and should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

II.

In 2009, plaintiff was convicted of securities fraud and sentenced to 60 months confinement. The district court also ordered plaintiff to pay more than $15.7 million in restitution. In an effort to collect this sum, the government sought and obtained seizure warrants for a 2008 BMW automobile, a 2008 Toyota truck, a $360,000 annuity held by Principal Life Insurance Company, and a $350,000 note receivable secured by certain real property in Denton, Texas. The seizure warrants were executed by FBI Agent Deen Abbott under the direction of Assistant U.S. Attorneys Walt Junker and Alan Buie. In a prior lawsuit, plaintiff alleged that he was selectively prosecuted by the government because of his race and that the seizure of this property, all of which is owned solely by his wife, Angelee Bazemore, violated his constitutional rights. That case was summarily dismissed on two grounds -- the prosecutors were immune from suit and plaintiff's claims were barred by the rule in *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). *See Bazemore v. Junker*, No. 3-10-CV-0720-B, 2010 WL 2404311 (N.D. Tex. May 3, 2010), *rec. adopted*, 2010 WL 2404308 (N.D. Tex. Jun. 15, 2010). Dissatisfied with the outcome of his prior lawsuit, plaintiff now files a *Bivens* action against the same two federal prosecutors.

A.

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action:

    (i)    is frivolous or malicious;

    (ii)    fails to state a claim on which relief may be granted; or

(iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, plaintiff must plead "enough facts to state a claim to relief that is plausible on its face[,]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level[.]" *Id.*, 127 S.Ct. at 1965. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). When a successful affirmative defense appears on the face of the pleadings, dismissal for failure to state a claim is also appropriate. *Kansa Reinsurance Co. v. Congressional Mortgage Corp. of Texas*, 20 F.3d 1362, 1366 (5th Cir. 1994); *see also Mowbray v. Cameron Co.*, 274 F.3d 269, 281 (5th Cir. 2001), *cert. denied*, 122 S.Ct. 1912 (2002), *citing Boone v. Kurtz*, 617 F.2d 435, 436 (5th Cir. 1980) (permitting district court to raise issue of res judicata *sua sponte* in the interest of judicial economy where both the prior action and current case were brought in courts of the same district); *Centeno v. City of Dallas*, No. 3-08-CV-1294-O, 2008 WL 4137989 at *3 (N.D. Tex. Sept. 3, 2008) (same).

B.

The rule of res judicata, or claim preclusion, "bars the litigation of claims that either have been litigated or should have been raised in an earlier suit." *Test Masters Educational Services, Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005), *cert. denied*, 126 S.Ct. 1662 (2006). In the Fifth Circuit, res judicata is appropriate if four conditions are met: (1) the parties in the subsequent action are identical to, or in privity with, the parties in the prior action; (2) the judgment in the prior case was

rendered by a court of competent jurisdiction; (3) there has been a final judgment on the merits; and (4) the same claim or cause of action is involved in both suits. *Id., see also Ellis v. Amex Life Insurance Co.*, 211 F.3d 935, 937 (5th Cir. 2000). In order to determine whether both suits involve the same claim or cause of action, the court uses a "transactional test." As the Fifth Circuit explained:

> Under the transactional test, a prior judgment's preclusive effect extends to all rights of the plaintiff with respect to all or any part of the transaction, or series of connected transactions, out of which the original action arose. What grouping of facts constitutes a "transaction" or a "series of transactions" must be determined pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage. If a party can only win the suit by convincing the court that the prior judgment was in error, the second suit is barred.

*Test Masters*, 428 F.3d at 571 (internal citations omitted). The critical issue is whether the two suits are based on the "same nucleus of operative facts." *Id.*; *see also In re Ark-La-Tex Timber Co.*, 482 F.3d 319, 330 (5th Cir. 2007); *Davis v. Dallas Area Rapid Transit*, 383 F.3d 309, 313 (5th Cir. 2004).

All four requirements of res judicata are met here. This is the second lawsuit filed by plaintiff against Alan Buie and Walt Junker challenging their conduct in obtaining seizure warrants against his property. The first case was dismissed on the merits by a final judgment rendered by a court of competent jurisdiction. Even if plaintiff does not assert identical claims against the prosecutors, it is clear that both the instant action and the prior litigation arise out of the "same nucleus of operative facts." Consequently, this case is barred by res judicata. *See Brown v. Felsen*, 442 U.S. 127, 131, 99 S.Ct. 2205, 2209, 60 L.Ed.2d 767 (1979) ("Res judicata prevents litigation

of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding.").[2]

## RECOMMENDATION

Plaintiff's complaint should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 18, 2010.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE

---

[2] Even if this case was not barred by res judicata and plaintiff could somehow show that the prosecutors were not entitled to absolute immunity, his *Bivens* claim is still *Heck*-barred. *See, e.g. Dadi v. Hughes*, 67 Fed.Appx. 242, 2003 WL 21108550 at *1 (5th Cir. Apr. 22, 2003), *cert. denied*, 124 S.Ct. 425 (2003) (claim that plaintiff was "innocent owner" of property subject to forfeiture following criminal conviction was barred by *Heck*); *Williams v. Martinez*, 74 Fed.Appx. 406, 2003 WL 22048208 at *1 (5th Cir. Sept. 3, 2003) (same as to claim for malicious or selective prosecution).